UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FLORENCE ROSTAMI LAW LLC, | |
| *Plaintiff,* | CASE NO. 2:24-cv-11123-BRM-APP |
| v. | |
| MITSUIYA INDUSTRIES, CO. LTD., | HON. BRANDY R. McMILLION |
| *Defendant.* | |

## RESPONSE TO ORDER TO SHOW CAUSE: WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

Plaintiff hereby responds to the Court's Order to Show Cause dated August 19, 2024 [ECF No. 3] and provides the Court with an update on the status of service of the summons and complaint on defendant Mitsuiya Industries, Co. Inc. ("Defendant").

1. The instant action commenced on April 29, 2024 by filing the complaint [ECF No. 1] and obtaining the summons [ECF No. 2] from the Clerk of the Court.

2. Defendant is a corporation incorporated under Japanese law with its headquarters in Japan. The Defendant does not have any presence in any judicial district of the United States.

3. Rule 4(m) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") requires service of the summons and complaint within ninety days of the filing of the complaint; however, Subdivision (m) does not apply to service on a defendant not located in a judicial district of the United States—that is, a defendant located in a foreign country. Fed.R.Civ.P. 4(f)(1) allows for service on an individual located in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed.R.Civ.P. 4(h)(2) provides for service on a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

4. Prior to the filing of the complaint, I had communications with Eiji Okuyama, an attorney representing Defendant in another matter in New York. On May 1, 2024, I contacted Mr. Okuyama, provided him with the summons and complaint, and requested that Defendant accept service of the summons and complaint through his office. Mr. Okuyama refused (presumably at Defendant's direction) to accept service on behalf of Defendant.

5. Consequently, Plaintiff has been required to effectuate service of the summons and complaint in accordance with Fed.R.Civ.P. 4(f)(1) and in accordance with the Japanese law and processes.

6. Japan is a member of The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention"); but, on December 21, 2018, Japan declared its opposition to Articles 8 and 10(a) of the Convention.

7. Article 8 provides that: "Each contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents. Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate." *Convention Done at the Hague Nov. 15, 1965;*, T.I.A.S. No. 6638 (Feb. 10, 1969). Therefore, inasmuch as Japan has declared that it will not permit service of judicial document with respect to a foreign legal action except through its formal procedures and Defendant is not "a national of the State in which the documents originate" (i.e. Defendant is not a United States national), service of the complaint and summons must be effectuated by applying to Japan Ministry of Foreign Affairs (the "MFA").

8. Article 10 provides that: "Provided the State of destination does not object, the present Convention shall not interfere with - (a) *the freedom to send judicial documents, by postal channels, directly to persons abroad*, (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials

or other competent persons of the State of destination, (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." *Id.* (emphasis added). Therefore, unless a defendant accepts service directly, service must be effectuated through the MFA in accordance with Japan's required procedure.

9. The process of effectuating service through the MFA is as follows: upon receipt of judicial documents, the MFA forwards the judicial documents to the Supreme Court of Japan for its review and approval of the documents. Upon such approval, the Supreme Court of Japan then forwards the documents to an appropriate district court for service on a defendant. After service has been effectuated, the certificate of service is filed with the district court, after which the certificate is provided to the consular authorities of Japan in the United States where it can be obtained by the party on whose behalf service was effectuated. According to the MFA, it is estimated that the process could take four months or more to be completed.

10. On May 29, 2024, by expedited overnight carrier delivery (FedEx), Plaintiff submitted to the MFA the summons and documents with translations into Japanese and the required application for service on Defendant in Japan. The documents were delivered to the MFA on June 3, 2024.

11. On July 17, 2024, the MFA informed me that the Supreme Court of Japan had received the summons and complaint and was in the process of forwarding them to an appropriate Japanese district court. On August 26, 2024, the MFA provided me with an update and informed me that, on July 25, 2024, the documents were forwarded to the appropriate Japanese district court to be processed and served on Defendant, but did not apprise me that the district court had completed service.

12. Once service is complete, the Japanese district court will issue a certificate of service which will be provided to the MFA and subsequently transmitted to Japan consular authorities. Upon my receipt of the certificate of service, I will file the proof of service with the Court, issue will be joined, and Defendant will have the opportunity to answer, move or otherwise respond to the complaint.

13. Plaintiff has diligently sought to effect service on Defendant. It is anticipated that service of the summons and complaint on Defendant will be completed within the next one to two months.

14. However, in the event service of the summons and complaint is not effected within six months of the date the complaint was filed (April 29 2024), Plaintiff will request that the Court provide leave to move at that time to allow Plaintiff to effect service through alternate means in accordance with Fed.R.Civ.P. 4(f)(3). See *Webasto Roof Systems Inc. v. IA Mexico S DE RL DE CV*, 2022 WL

20755371 (E.D. Mich. June 17, 2022)(plaintiff's *ex parte* motion for alternate service is premature, since plaintiff attempted to serve Mexican defendant under Hague Convention and six months have not elapsed from date complaint was filed); *AtriCure v. Meng*, 2022 WL 12917934 (S.D. Ohio Oct. 24, 2022)(plaintiff must first attempt service on Chinese defendants in accordance with the Hague Convention, and may seek leave for alternate service if China does not complete service within six months).

15. Accordingly, since Plaintiff has sought with all reasonable dispatch to effectuate service of the summons and complaint and the absence of completed service is completely outside Plaintiff's control, Plaintiff respectfully requests that the Court not dismiss the complaint and provide Plaintiff additional time to effectuate service either through the MFA, or, in the event service is not completed on or before October 29, 2024, through another method as determined by the Court.

Dated: New York, New York
August 29, 2024

*Respectfully submitted,*

/s/Florence Rostami

FLORENCE ROSTAMI
frostami@rostamilaw.com
NEAL HABER
nhaber@rostamilaw.com
Florence Rostami Law, LLC
420 Lexington Avenue, Suite 1402
New York, New York 10170

(212) 209-3962
(212) 257-6441 – Fax
Admitted to U.S. District Court
for the Eastern District of Michigan
*Attorneys for Plaintiff*