

Samuel Estenson
301 N. Main Street, Ste 260
Ann Arbor, MI 48104

(734) 926-2111
sam@dmhlawyers.com
dmhlawyers.com

April 21, 2025

*Via ECF*

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2025
```

**MEMORANDUM ENDORSED**

Re:   Florence Rostami Law LLC v. Mitsuiya Industries, Co. Ltd.
      Case No. 1:25-cv-1490-GHW

Dear Judge Woods:

I write on behalf of Defendant Mitsuiya Industries, Co., Ltd. ("Mitsuiya") to request that the Court enter Mitsuiya's proposed order (ECF No. 37), filed concurrently with this letter, to stay discovery in this case pending the adjudication of Mitsuiya's pending Motion to Dismiss Pursuant to FRCP 12 and for *Forum Non Conveniens*. (ECF No. 35).

On March 26, 2025, the Court held a premotion conference and granted Mitsuiya leave to file a motion to dismiss under Fed. R. Civ. P. 12 and on *forum non conveniens* grounds. (ECF No. 34). Mitsuiya filed its motion on April 3, 2025. In its pending motion, Mitsuiya seeks dismissal of Plaintiff Florence Rostami Law LLC's ("FRL's") suit because the courts of New York State do not have jurisdiction over Mitsuiya, and in the alternative dismissal pursuant to the doctrine of *forum non conveniens* where the Courts of Japan are a more suitable and logical alternative forum for this suit.

Mitsuiya requests that the Court stay discovery in this case temporarily pending disposition of its motion because good cause exists to do so. Mitsuiya has raised colorable threshold challenges to the state of New York's jurisdiction over Mitsuiya and the appropriateness of the Southern District of New York as the forum, and Mitsuiya's motion, if granted on either basis, "would result in the dismissal of the entire action." *Renois v. WVMF Funding, LLC*, No. 20CV09281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (granting a stay of discovery pending the resolution of the defendants' jurisdictional motion). Both of these factors weigh in favor of a stay of discovery pending the outcome of a jurisdictional motion. *Id*.; *see also Boelter v. Hearst Commc'ns, Inc.*, No. 15cv3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting motion to stay discovery where the defendant's motion raised "substantial arguments" concerning the court's lack of jurisdiction). Generally, a stay of discovery is appropriate in this context, "when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive, such as where a challenge is directed to the Court's jurisdiction." *Renois*, 2021 WL 1721818, at *1, quoting *Hachette Distrib., Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). In addition, commencement

Samuel Estenson
301 N. Main Street, Ste 260
Ann Arbor, MI 48104

(734) 926-2111
sam@dmhlawyers.com
dmhlawyers.com

**DOERR MACWILLIAMS HOWARD**
PLLC

of discovery would be unduly burdensome to Mitsuiya, for all of the reasons set forth in Mitsuiya's brief in support of its pending motion. (ECF No. 36). Mitsuiya is a Japanese corporation headquartered in Japan, with no operations, personnel or employees in the U.S.; virtually its only connection to the U.S. at present is its defense of this suit. (ECF No. 36 at pp 7-8).

This Court has broad, discretionary authority to enter a stay of discovery "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cuhadar v. Savoya LLC*, No. 24-CV-3615, 2024 WL 4142151, at *2 (E.D.N.Y. Sept. 11, 2024) (internal quotations and citations omitted). This Court also has "considerable discretion" to stay discovery "upon a showing of good cause," pursuant to Fed.R.Civ.P. 26(c). *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).

The parties met and conferred regarding the appropriate timeline for discovery in this case in preparation for submitting a joint Case Management Plan to the Court, and Plaintiff FRL opposes entry of Mitsuiya's proposed order staying discovery. However, Mitsuiya believes staying discovery is appropriate and in the best interests of efficiency and judicial economy in this case given its pending motion and therefore asks this Court to stay discovery temporarily until the Court can determine if it has jurisdiction over Mitsuiya and whether it intends to exercise that jurisdiction or decline to do so on *forum non conveniens* grounds. The parties do agree on an appropriate timeline for discovery if the case reaches this stage, and will submit a joint Case Management Plan with proposed dates to chambers per this Court's order, but Mitsuiya respectfully requests that the Court first decide the threshold question of whether a stay of discovery is appropriate pending disposition of Mitsuiya's motion. If the case thereafter proceeds, Mitsuiya would propose the parties submit a new supplemented joint Case Management Plan at that time.

Respectfully submitted,

**DOERR MACWILLIAMS HOWARD PLLC**

/s/ Samuel L. Estenson
Samuel L. Estenson (admitted *pro hac vice*)
*Attorneys for Defendant*
301 N. Main St, STE 260
Ann Arbor, MI 48104
(734) 926-2111
sam@dmhlawyers.com

---

Application denied without prejudice.  Defendant is directed to the Court's Individual Rule 2(E), which sets out the requirements for pre-motion submissions.  The Court will discuss Defendant's proposed motion to stay discovery at the initial pretrial conference scheduled for April 28, 2025.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 38.

SO ORDERED.

Dated: April 22, 2025
New York, New York

GREGORY H. WOODS
United States District Judge

2