Samuel Estenson
301 N. Main Street, Ste 260
Ann Arbor, MI 48104

**DOERR MACWILLIAMS HOWARD**
PLLC

(734) 926-2111
sam@dmhlawyers.com
dmhlawyers.com

September 30, 2025

**MEMORANDUM ENDORSED**

<u>Via ECF</u>

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/2025
```

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Florence Rostami Law LLC v. Mitsuiya Industries, Co. Ltd.*
     Case No. 1:25-cv-1490-GHW

Dear Judge Woods:

  On September 1, 2025, the Court ordered the parties in the above-referenced matter to jointly update the Court regarding the status of this case and the pending motion to dismiss no later than September 30, 2025 (Dkt. No. 55). Pursuant to the Court's order, the parties submit the following update:

  ***Defendant's Position*:**

  In a prior letter dated August 31, 2025 (Dkt. No. 54), the parties alerted the Court that they had agreed that the resolution of all disputes with non-party Greenberg Traurig arising from the subject matter of this litigation has negated any of Plaintiff's claims arising from Defendant Mitsuiya's alleged non-payment to Greenberg Traurig. Since this update, Defendant has also resolved the last remaining non-party disputes, with non-parties Elijah Ltd. (and its successor in interest, Repario Data LLC) and Exponent, Inc. As Plaintiff essentially acknowledges, the final resolution of all disputes between the parties and Greenberg Traurig, Elijah Ltd. and Exponent, Inc. has, at minimum, mooted all of Plaintiff's claims to the extent they are predicted on Defendant Mitsuiya's alleged non-payment to these non-parties. Moreover, Mitsuiya's independent resolution of any claims arising from its relationships with the non-parties reinforces and confirms that Plaintiff never had a right to seek recovery on behalf of these non-parties (who allegedly contracted directly with Mitsuiya) in the first place. This case therefore remains a dispute over approximately $11,000 in attorney fees and this Court should grant Defendant's pending motion on the basis of lack of subject matter jurisdiction and for the other reasons set forth in Defendant's supporting brief.

  Defendant also opposes Plaintiff's request for leave to amend its pleadings, because this case was first filed in the Eastern District of Michigan in April of 2024, almost a year and a half ago, amendment would be futile, and because Plaintiff has not properly followed the Court's procedure for requesting a pre-motion conference and setting forth the grounds for its motion.

1

Samuel Estenson  (734) 926-2111
301 N. Main Street, Ste 260  sam@dmhlawyers.com
Ann Arbor, MI  48104  dmhlawyers.com

**DOERR MACWILLIAMS HOWARD**
PLLC

Defendant requests that if the Court chooses to entertain Plaintiff's request below that it schedule a pre-motion conference.

*Plaintiff's Position*:

We are counsel for Florence Rostami Law LLC ("Plaintiff" or the "Firm"). Pursuant to the Court's order dated September 1, 2025 [DOC 55], along with counsel for Mitsuiya Industries, Co., Ltd. ("Defendant"), we submit this joint status update regarding the Firm's claim against Mitsuiya for breach of its agreement with the Firm and its failure to pay vendors Mitsuiya authorized the Firm to retain on its behalf in the action Mitsuiyas pursued in the Eastern District of Michigan for which the Firm served as its counsel.

Mitsuiya has provided to the Firm fully executed settlement agreements between Mitsuiya and Greenberg Traurig ("GT"), between Mitsuiya and Exponent, Inc. ("Exponent"), and between Mitsuiya and Repario Data LLC f/k/a Elijah ("Repario"), to which the Firm is not a signatory but whereby in exchange for payment of the settlement amounts, these vendors released the Firm from any and all obligations to these entities for fees for services they provided to Mitsuiya. By executing these agreements and making payment of the settlement amounts, Mitsuiya has acknowledged its obligations under these agreements. Counsel for Mitsuiya has represented that all payments have been made to GT, Exponent and Repario, and that Mitsuiya has not entered into a side agreement with any of these entities to recover from the Firm as an undisclosed agent of that entity any moneys not provided pursuant to the settlements that the entity might seek to recover from the Firm. As such, the Firm's breach of contract damages asserted in this matter for amounts owed by Mitsuiya to GT, Exponent, and Repario are no longer part of the Firm's damages sought in this matter. However, Plaintiff's claims against Mitsuiya for billed and unbilled amounts owed to the Firm (which exceed $75,000) has not been settled and remain in this action. Further, Plaintiff desires to assert certain claims related to fraud, which are addition to and are not subsumed in the breach of contract causes of action. Therefore, Plaintiff respectfully requests that the Court decide the jurisdictional questions and, if the Court determines that it has jurisdiction over the remaining claims, that the Court grant Plaintiff leave to amend its complaint and add tort claims for Mitsuiya's fraud that has caused reputational as well as monetary damages to the Firm.

Respectfully submitted,

**DOERR MACWILLIAMS HOWARD PLLC**

/s/ *Samuel L. Estenson*
Samuel L. Estenson (admitted *pro hac vice*)
*Attorneys for Defendant*
301 N. Main St, STE 260



Samuel Estenson  
301 N. Main Street, Ste 260  
Ann Arbor, MI 48104

(734) 926-2111  
sam@dmhlawyers.com  
dmhlawyers.com

Ann Arbor, MI 48104  
(734) 926-2111  
sam@dmhlawyers.com

**FLORENCE ROSTAMI LAW, LLC**

/s/ Florence Rostami *(with permission)*  
Florence Rostami  
Neal Haber  
*Attorneys for Plaintiff*  
420 Lexington Avenue, Suite 1402  
New York, New York 10170  
(212) 209-3962  
(917) 677-3697 – Fax

cc: All counsel of record (via ECF)

The Court is in receipt of the parties' joint status letter filed on September 30, 2025. Dkt. No. 56. The Court understands that the parties agree that Plaintiff no longer seeks damages related to amounts Defendant owed to third parties GT, Exponent, and Repario. The Court will hold a teleconference regarding the effect of this development on October 8, 2025 at 4:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules.

SO ORDERED.  
Dated: October 3, 2025  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge